UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD CHARLES PENN,

     Plaintiff,                      Case No. 17-cv-10862
                                        Hon. Matthew F. Leitman
v.

JASON BERGTOLD,

     Defendant.

_____/

## <u>**ORDER REQURING SUPPLEMENTAL BRIEFING**</u>

     The Court is currently considering Defendant Jason Bergtold's motion for summary judgment in this action. (*See* ECF #36.) The issues raised by the parties in connection with the motion include (1) whether Bergtold could reasonably have believed that there was probable cause to arrest Plaintiff Todd Charles Penn and (2) whether probable cause in fact existed to charge Penn with retail theft.

     The Court has concluded that it would it would benefit from supplemental briefing. Accordingly, by no later than **<u>March 22, 2019</u>**, <u>both</u> parties shall submit supplemental briefs that address the following issues:

- In Bergtold's summary judgment motion, he lists a number of facts that, he says, support the conclusion that he reasonably could have believed that there was probable cause to arrest Penn and that there was in fact probable cause to charge Penn with retail theft. (*See* Mot., ECF #36 at

1

Pg. ID 549-50.)  But Bergtold has not directed the Court to any cases in which a court has found, on facts even arguably similar to those here, that an officer could reasonably have concluded that there was probable to arrest and/or that there was probable cause to charge a suspect with a crime.  In Penn's response brief, he identifies certain general rules concerning the determination of probable cause by a police officer.  But Penn has not cited any factually similar cases in which a court has determined that an officer could not reasonably have concluded that there was probable cause to arrest and/or that there was not probable cause to charge a suspect with a crime.  The Court therefore directs Bergtold's counsel to identify (1) the most factually-analogous cases in which courts have determined that an officer *did* have probable cause to arrest and/or that an officer *could* reasonably have concluded that probable cause to arrest existed and (2) the most factually-analogous cases in which courts have determined that there *was* probable cause for the criminal charge.  The Court further directs Penn's counsel to identify (1) the most factually-analogous cases in which courts have determined that an officer *did not* have probable cause to arrest and/or that an officer *could not* reasonably have concluded that probable cause to arrest existed and (2) the most factually-analogous cases in which

courts have determined that there *was not* probable cause for the criminal charge.

- The parties are directed to identify cases in which courts have analyzed whether a police officer may rely on an allegedly-unreliable identification procedure when determining whether there is probable cause to arrest and whether an allegedly-unreliable identification procedure may be considered when determining whether there is probable cause to charge a suspect with a crime. The Court is not looking for cases addressing whether an identification that resulted from an allegedly-unreliable identification procedure is admissible at trial. The Court is focused specifically on (1) whether an identification that results from such a procedure may be used when determining whether there is probable cause to arrest and (2) whether an identification that results from such a procedure may be used when determining whether there is probable cause to charge a suspect with a crime.

- Assuming, arguendo, that the show-up used in this case was suggestive, the parties are directed to address whether the eyewitness identifications in this case were nonetheless reliable under the five-part test used by the Sixth Circuit when determining the reliability of

identifications under the *Stovall* line of cases. *See United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2006).

- The parties are directed to address whether the Court may consider, as evidence on summary judgment, statements made in the police report by officer John Corder reporting his personal interactions with Penn. For instance, the parties shall address whether those statements are admissible as a public record under Federal Rule of Evidence 803(8) and/or admissible under any other rule of evidence. Without drawing any conclusions about the relevance of the following cases, the Court directs the parties to the following authorities which discuss the admissibility of police reports as a public record: *Miller v. Field*, 35 F.3d 1088 (6th Cir. 1994); *Dortch v. Fowler*, 588 F.3d 396, 402-05 (6th Cir 2009); *Brady v. City of Westland*, 1 F.Supp.3d 729, 732 n.3 (E.D. Mich. 2014).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764